UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Lamb, | ) C/A No. 3:12-3642-CMC-BHH |
|                Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Security Agency, that who was assign in the Exxon Gas Station, Exxon Store on May 8, 2011; Exxon Gazobah Minishop, 6201 1-A Farrow Rd., Columbia, S.C. 29203, 6201-B Farrow Rd.; The Clothes Line, 100 Christian St., Farrow Rd. 6200, | ) |
|                Defendants. | ) |

This is a civil action filed by a *pro se* litigant appearing *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.

## BACKGROUND

Charles Lamb ("Plaintiff"), a South Carolina resident, alleges that he was the victim of extreme use of force by a security guard employed at a gas station/mini-store located on Farrow Road in Columbia, South Carolina.[1] According to Plaintiff, on May 8, 2011, the

---

[1] Plaintiff is currently under a limited filing injunction in this court. See *Lamb v. Lieber Corr. Inst.*, Civil Action No. 2:11-1012 (D.S.C.) and *Lamb v. Kirkland Corr. Inst.*, Civil Action No. 2:11-1013 which state: "The Clerk of Court shall return, unfiled, any new civil action filed by Plaintiff relating to any conditions of his previous incarceration (including, but not limited to, issues and contentions regarding his alleged 2008 hand injury) which is not accompanied by the full statutory filing fee at the time any new civil case is submitted for filing. However, any new civil action filed *pro se* by Plaintiff,

(continued...)

unnamed security guard "physically assaulted" him, used "belly clubs" on him, and kicked and stomped him during the assault. Plaintiff also alleges that he still gets headaches as a result of the kicks and punches he took to his head, and that the records from Lexington hospital support his allegations. Both the "security agency" and the gas station/store, with Columbia, South Carolina addresses, are named as Defendants. A third Defendant ("The Clothesline") is named, but there are no allegations against this Defendant. Plaintiff does not cite to any federal statute, law, or constitutional provision as the basis for his claims against Defendants, but he asks for "Three 3 million trillion thousand dollars" in damages and he also wants to own the Defendant Exxon Gazobah's store.

## PRO SE REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedur-al provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to

---

[1](...continued)
wherein he seeks to proceed *in forma pauperis*, and which raises claims unrelated to any condition of his previous incarceration shall be assessed for filing as any other civil action." The allegations in this Complaint do not fall within the parameters of the filing injunction, thus initial review was conducted in this case.

state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* pleadings, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980)*(per curiam)*. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the *pro se* Complaint in this case is subject to summary dismissal.

## DISCUSSION

In order for this court to hear and decide a case, the court must, first, have jurisdiction over the subject matter of the litigation. This federal court has an "independent obligation" to investigate the limits of its subject-matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This is so even when the parties "either overlook or elect not to press" the issue, *Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011), or attempt to consent to a court's jurisdiction. *See Sosna v. Iowa*, 419 U.S. 393, 398 (1975). Our obligation to examine our subject-matter jurisdiction is triggered whenever that jurisdiction

is "fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009).

It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted); *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either common form of this court's limited jurisdiction, and there is no other basis for federal jurisdiction evident on the face of the pleading.

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires **_complete_** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) <u>citizens of different States</u>[.]

28 U.S.C. § 1332 (emphasis added).  Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978).  This court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because according to the information provided by Plaintiff when he filed his Complaint, Plaintiff and all Defendants are residents of South Carolina.[2]  Plaintiff's allegations seem to be sufficient to support a finding that the $75,000 jurisdictional amount would be in controversy in this case; however, this does not matter in this case because, in absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, the essential allegations contained in the Complaint are insufficient to show that this case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  That is, the Complaint does not state a claim cognizable under this court's "federal question" jurisdiction.  Plaintiff's Complaint involves a more or less routine personal injury claim against a retail store and its privately hired security guard.  Generally, such tort-based claims are a matter of state law to be heard in the state courts, unless diversity of citizenship is present. *See, e. g.*, *Olson v. Faculty House of Carolina, Inc.*, 580 S.E.2d 440 (S.C. 2003); *Wintersteen v. Food Lion, Inc.*, 542 S.E.2d 728 (S.C. 2001); *Camden v. Hilton*, 600 S.E.2d 88, 91 (S.C. Ct. App. 2004); *State Farm Fire & Cas. Co. v. Barrett*, 530 S.E.2d 132, 137 (S.C. Ct. App. 2000).  If Plaintiff wishes to sue his fellow South Carolina residents for personal injury, he needs to do so in state court, not in this

---

[2] Even though Defendants all appear to be corporate or business entities and not human beings, they are still "residents" of South Carolina as that term is legally understood.  *See Huggins v. Winn-Dixie Greenville, Inc.*, 233 F. Supp. 667 , 669  (D. S.C. 1964).

federal court of limited jurisdiction.

As stated in the "BACKGROUND" section above, Plaintiff's allegations do not contain any reference to alleged violation of any federal statute, treaty provision, or constitutional provision by Defendants. However, even if Plaintiff had made assertions that federal rights were violated, this court would not be bound by such allegations and would be entitled to disregard them if the facts did not support Plaintiff's contentions. When considering the issue of whether a case is one "arising under the Constitution . . ." or, in other words, whether "federal question" jurisdiction is present, a federal court is not bound by the parties' characterization of a case. District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." *Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334-35 (E.D. N.C. 1992); see *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908); *cf. Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109 (1936)("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."); *Bonner v. Cir. Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review.").

This court would be entitled to disregard any claim made by Plaintiff of federal constitutional violation by Defendants because purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have

violated their constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961).

In order to state a viable cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); see *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980). Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g.*, *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. at 937; *see U. S. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen  Helpers of Am., AFL-CIO*, 941 F.2d 1292 (2d Cir.1991). There are no allegations in Plaintiff's Complaint that attribute any of Defendants' actions to state action; therefore, even if the Complaint could be liberally construed to "imply" an allegation of constitutional rights violations by the private Defendants, such implied interpretation would not establish "federal question" jurisdiction in this case. No potential basis for federal question jurisdiction other than § 1983 is evident from the face of the pleading.

In the absence of either diversity or federal question jurisdiction over the parties' dispute, this case should be summarily dismissed without issuance of process for Defendant.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25. Plaintiff's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks<br>
United States Magistrate Judge

January 17, 2013
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).